O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD HIDALGO-CHAVEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ERIC HOLDER, JR.,<br><br>　　　　　Respondent. | ) Case No. SACV 12-01843-ABC (OP)<br>)<br>) ORDER RE: DISMISSAL OF HABEAS<br>) CORPUS PETITION FOR FAILURE TO<br>) PROSECUTE<br>)<br>)<br>)<br>)<br>) |

## I.
## **PROCEEDINGS**

　　On October 23, 2012, Ricardo Hidalgo-Chavez ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. § 2241 ("Petition"). (ECF. No. 1.) On December 7, 2012, the Court issued an Order Requiring Response to Petition. (ECF No. 6.) On January 28, 2013, Respondent filed an Answer to the Petition, contending that the Petition should be dismissed for failure to exhaust administrative remedies. (ECF No. 8.)

　　On February 5, 2013, Respondent filed a Notice that Petitioner Has Been Removed from the United States; Suggestion of Mootness ("Notice of Removal"). (ECF No. 5.) In the Notice of Removal, Respondent indicates that on or about January 30, 2013, Petitioner was removed from the United States to Mexico

pursuant to an Order of Removal. As a result, Respondent contends that this matter is moot. (Id. at 2, Ex. 1.) In response, on February 6, 2013, the Court ordered Petitioner to notify the Court of his current address and telephone number, if any, in compliance with Local Rule 41-6 no later than March 8, 2013. The Court admonished Petitioner that his failure to do so may result in the dismissal of this action without prejudice for failure to prosecute. (ECF No. 10.) On March 11, 2013, the minute order was returned to the Court as undeliverable. (ECF No. 11.) To date, Petitioner has not informed the Court of his current address and has not otherwise communicated with the Court.

For the reasons set forth below, the Court dismisses the current Petition without prejudice for failure to prosecute.

## II.

## DISCUSSION

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

Local Rule 41-6 of the United States District Court for the Central District of California, as amended January 1, 2010, provides as follows:

> **Dismissal - Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address.** A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a pro se plaintiff's address of record is returned

undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

Here, Petitioner has failed to notify the Court of his current address within fifteen days of the service date of the undelivered notice described above as required by Local Rule 41-6.  In affirming the district court's dismissal of a case for failure to prosecute, the Ninth Circuit has observed that "[i]t would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988).  Petitioner's failure to keep the Court apprised of his current address renders this case indistinguishable from Carey.

The Ninth Circuit has also cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Id. at 1440.

Here, Petitioner has failed to inform the Court of his current address and has not otherwise communicated with the Court.  Petitioner's conduct hinders the Court's ability to move this case toward disposition and indicates that Petitioner does not intend to litigate this action diligently.  Thus, the first two factors weigh in favor of dismissal.

Next, a rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  Nothing suggests that such a presumption is unwarranted here.  Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). Petitioner has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Petitioner's failure to inform the Court of his current address. Thus, the fourth factor weighs in favor of dismissal.

Finally, the Court attempted to avoid dismissal by granting Petitioner time to respond to comply with Local Rule 41-6 and by cautioning him that the failure to do so "may result in the dismissal of this action without prejudice for failure to prosecute." Petitioner has not informed the Court of his current address and has not otherwise communicated with the Court. Thus, the fifth factor weighs in favor of dismissal.

Based on the foregoing, the Court concludes that dismissal of the Petition without prejudice for failure to prosecute is warranted.

### III.
### ORDER

IT IS THEREFORE ORDERED that the Petition is hereby dismissed without prejudice for failure to prosecute, and Judgment shall be entered accordingly.

DATED: 3/25/2013

HONORABLE AUDREY B. COLLINS
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge